IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD MOORE,[1]          )
                                )
            Plaintiff,          )
                                )
v.                              )          CASE NO. 2:09-CV-844-TMH
                                )               [WO]
                                )
KATHY HOLT,                     )
                                )
            Defendant.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed on

October 16, 2009, by James Edward Moore ["Moore"], a former Alabama inmate now

residing in the state of New York.  *Doc. No. 12*.  Moore filed an amendment to his

complaint on November 6, 2009.  *Doc. No. 15*.  In these pleadings, Moore challenges

alleged dissemination of false information to officials with the New York Department of

Corrections, which he contends members of the New York Parole Board relied upon to

deny him release on parole in May of 2008.  *Id*.  Moore names Kathy Holt, the Director of

---

[1] At the initiation of this case, Moore was incarcerated in the State of New York and in his *in forma pauperis* application referenced his New York inmate identification number.  Moore did not list his Alabama inmate identification number, AIS #122682, or his alias, Jackie Moore, in either the complaint of financial forms. This caused confusion in the initial special report filed by the defendant, as she used the records of James Edward Moore, AIS #232677, in formulating her first response to the complaint. Upon defendant Holt's receiving the appropriate information regarding the actual identity of the plaintiff, Holt filed a supplemental special report addressing the claim raised in the complaint (Doc. No. 39) and submitted evidentiary materials relevant thereto (Doc. No. 39-1 and Doc. No. 44-1).

Correctional Records for the Alabama Department of Corrections, as the sole defendant in this cause of action. He seeks declaratory relief and monetary damages from the defendant for the alleged violation of his constitutional rights. *Amendment to Complaint - Doc. No. 15* at 3.

The defendant filed special reports and supporting evidentiary materials addressing Moore's claim for relief on January 3, 2012 (Doc. No. 39 and Doc. No. 39-1), and February 7, 2012 (Doc. No. 44 and Doc. No. 44-1). Pursuant to the orders entered herein, the court construes the aforementioned reports as a motion for summary judgment. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's responses, the court concludes the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [– now dispute –] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendant has met her evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.").  A genuine dispute of material fact

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive the defendant's properly supported motion for summary judgment, Moore is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when

4

a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute]

5

for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Moore fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III.  DISCUSSION

### A.  Absolute Immunity

To the extent that Moore seeks relief from defendant Holt in her official capacity, the defendant is entitled to absolute immunity from monetary damages. Official capacity

lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from her in her official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Claim for Relief

Moore asserts that the "defendant furnished ... false information to New York authorities" that resulted in his "being punished by the New York Board of Parole with an additional two years of incarceration ... because [the parole board] believed that plaintiff was on probation at the time [he committed the murder in New York]." *Amended*

7

*Complaint - Doc. No. 12* at 1.[3] The defendant denies this allegation.  Specifically, Ms. Holt maintains that she provided no information to New York authorities regarding James Edward Moore, AIS #122682, and she has "no knowledge of any false information" in his Alabama inmate file.  *Defendant's Exhibit 3 (Affidavit of Kathy Holt) - Doc. No. 44-1* at 1. Thus, the defendant does not admit that she provided false information to outside officials and denies the existence of any false information in the plaintiff's Alabama prison file.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment which violated the Constitution. The appellate court carefully distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).  "[I]n *Slocum*, the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file ... contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration.  *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could

_____

[3]The record before this court in *Moore v. Teague, et al.*, Case No. 2:02-CV-635-MEF (M.D. Ala. 2004), demonstrates that the documents provided by Alabama officials to New York authorities showed that Moore was on parole for various Alabama convictions when he committed the New York offense in 1982.  *Infra* at 10-11. Thus, it is apparent that the alleged reference to "probation" by a New York parole official was merely a mischaracterization of Moore's conditional status at the time of his New York offense.

possibly exist in their files.  *Id*."  *Monroe*, 932 F.3d at 1442.

Disposition of the instant case is governed by the holding set forth in *Slocum*.  The defendant maintains that the information contained in the plaintiff's Alabama inmate file is true and correct. Moreover, the only evidence before the court establishes the defendant provided no information to New York authorities regarding the plaintiff.  The record in this case therefore establishes that the defendant did not furnish ***admittedly*** false information to New York authorities. In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is therefore due to be granted in favor of the defendant.

### C.  Issue Preclusion[4]

The defendant also argues that the false information claim presented by Moore provides no basis for relief, as she "is entitled to judgment in the instant case due to the doctrine of collateral estoppel" arising from this court's previous decision in *Moore v. Teague, et al.*, Case No. 2:02-CV-635-MEF (M.D. Ala. 2004).  *Defendant's Supplemental Special Report - Doc. No. 39* at 1.  In this prior § 1983 action, Moore argued defendant Teague, the Director of Correctional Records for the Alabama Department of Corrections

---

[4]"The[] terms [claim preclusion and issue] have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as 'merger' and 'bar' while issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.' See *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 77, n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)." *Taylor v. Sturgell,* 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 n.5 (2008).

at the time Moore filed his 2002 civil action and a predecessor of defendant Holt, provided false information to New York authorities regarding his Alabama criminal record, including terms of probation/parole, which had an adverse impact on the determination of his release date from the New York sentence.  This court decided the false information claim adversely to Moore.  *Moore v. Teague, et al.*, Case No. 2:02-CV-635-MEF (M.D. Ala. 2004) - *Recommendation of the Magistrate Judge -- Doc. No. 43*, adopted as opinion of the court by Order of September 13, 2004 (Doc. No. 46).  The relevant portion of the Recommendation reads as follows:

> In 1976, Moore was convicted of second degree burglary by the Circuit Court of Mobile County, Alabama.  He was sentenced to 5 years imprisonment on this conviction.  However, this sentence was suspended and Moore was placed on probation.  The plaintiff was subsequently convicted of forgery thereby violating the terms of his probation.  On December 12, 1978, Moore was sentenced to 5 years imprisonment on the forgery conviction to run concurrently with the sentence imposed for his 1976 burglary conviction.   The plaintiff was granted parole [by the Alabama Board of Pardons and Paroles] from these sentences on December 21, 1979.  On February 11, 1980, a declaration of delinquency was issued against Moore by his parole officer due to Moore's alleged violations of several conditions of parole.  In light of the foregoing, a warrant was issued for Moore's arrest on February 28, 1980.  The plaintiff was arrested by deputies of the Mobile Sheriff's Department on September 29, 1982.  Notice of parole revocation was issued on November 18, 1982 in which the Alabama Board of Corrections was advised that the plaintiff "has heretofore been declared delinquent, and after a hearing on his delinquency his parole having been revoked, you are directed to keep him in your custody that he may continue serving his sentence."  A copy of this notice was provided to the plaintiff.
>
> In February of 1983, pursuant to the Interstate Agreement on Detainers, the plaintiff was transferred to the custody of law enforcement officials for Nassau County, New York for trial on a second degree murder

charge. [This detainer related to a murder committed by Moore in June of 1982 while on parole from his Alabama convictions.]  He was admitted to [the] Nassau County [Jail] on February 13, [1983].  At this time, the plaintiff was still serving his Alabama sentence as such sentence did not expire until August 30, 1983.  On February 8, 1984, Moore was convicted of second degree murder by the State of New York and sentenced to 25 years to life imprisonment. Since the plaintiff had not yet completed his Alabama sentence upon his transfer to the custody of New York authorities, he was not given jail credit for his New York sentence until expiration of the Alabama sentence.  The plaintiff complains that this interpretation of his records is based on false information provided by the defendants to New York officials....

* * *

The plaintiff contends that the defendants submitted false and erroneous information to New York authorities which has had an adverse effect on ... his New York sentence.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the plaintiff alleged that he was deprived of due process because erroneous information contained in his prison records about charges for which he was never arrested, charged, or convicted was used to deny him fair consideration for parole and minimum custody status.  Monroe alleged that the PSI report information indicating he had raped the victim of his crime was false.  The defendants admitted the PSI information was false.  Acknowledging that he had no liberty interest in parole, Monroe claimed a due process right to be fairly considered for parole.  He contended that the defendants' reliance on admittedly false information in order to deny him parole or minimum security classification violated due process.

The court in *Monroe* held that the defendants' reliance on ***admittedly*** false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the Constitution.  However, the court was careful to distinguish its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

> Our holding today does not conflict with our earlier holding in *Slocum, supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted

11

him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id*. In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Slocum* controls the disposition of the instant case. The defendants maintain that the information contained in the plaintiff's records [and provided to New York authorities] is accurate. There is no admission by either defendant that any of the information about which the plaintiff complains is false. The plaintiff's contention that the information in his records is false does nothing more than raise the possibility that the information may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim."). Since it is undisputed that the defendants did not furnish ***admittedly*** false information to New York authorities, the plaintiff is entitled to no relief as a matter of

law and summary judgment is due to be granted in favor of the defendants on this claim.

In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is therefore due to be granted in favor of the defendants.

*Moore v. Teague, et al.*, Case No. 2:02-CV-635-MEF (M.D. Ala. 2004) - *Recommendation of the Magistrate Judge -- Doc. No. 43*, adopted as opinion of the court by Order of September 13, 2004 (Doc. No. 46), at 2-3, 5-7 (citations to record omitted).  This court therefore determined that the information provided to authorities in New York by Alabama officials failed to implicate the protections of the Constitution.  This information is the same information challenged by Moore as false in the instant cause of action.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata."  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  *New Hampshire v. Maine,* 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).  Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  *Id.,* at 748–749, 121 S.Ct. 1808.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Sturgell*, 553 U.S. at 892, 128 S.Ct. at 2171.

Based on the decision of this court in *Moore v. Teague*, *supra*, finding no

13

dissemination of knowingly false information to New York authorities, the court likewise concludes Moore's that false information claim entitles him to no relief, as it is precluded from review by the doctrine of *res judicata*.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendant.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 13, 2012, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE